316 F.2d 593
 In the Matter of HOLIDAY LODGE, INC., Debtor.
Aaron A. ROSENBERG, etc., Appellant,
v.
Gerald P. GRACE, Receiver, etc., Appellee,
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, Appellant,
v.
Gerald P. GRACE, Receiver, etc., Appellee.
 No. 13785.
 No. 13786.
 United States Court of Appeals Seventh Circuit.
 April 30, 1963.
 
 Marvin Juron, Louis Swidler, Lelivelt & Swidler, Chicago, Ill., for Aaron A. Rosenberg, petitioner-appellant.
 Thomas E. Moran, Edward Rothbart, Rothbart, Stein & Moran, Chicago, Ill., for First Federal Savings & Loan Ass'n, petitioner-appellant.
 Charles A. Thomas, Jack Arnold Welfeld, Chicago, Ill., Lucas & Thomas, Chicago, Ill., of counsel, for Gerald P. Grace, receiver of Holiday Lodge, Inc., debtor.
 Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.
 SWYGERT, Circuit Judge.
 
 
 1
 This is an appeal in a proceeding under Chapter XI of the Bankruptcy Act[1] from an order by the district judge overruling objections to the payment of compensation to the receiver, Gerald P. Grace, of Holiday Lodge, Inc., debtor, and fees to his attorneys, Charles A. Thomas and Jack Arnold Welfeld, in the amounts of $1,850.29 and $6,000 respectively. The objections were filed by appellants, Aaron A. Rosenberg and First Federal Savings and Loan Association of Chicago.
 
 
 2
 Most of the facts surrounding this proceeding are set forth in an earlier opinion of this court. In The Matter of Holiday Lodge, Inc., 300 F.2d 516 (7th Cir.1962). For that reason we do not believe it necessary again to recite them in detail as the instant appeal is a sequel to events related therein.
 
 
 3
 As stated in our earlier opinion, the receiver was appointed April 14, 1961, to continue the operation of the debtor's motel, its only asset. This was after the debtor's petition for an arrangement under Chapter XI of the Bankruptcy Act had been dismissed and the debtor adjudicated a bankrupt by the referee. The receiver assumed his duties immediately. As we further recited in our prior opinion, the district judge on July 31, 1961, reversed the referee's orders dismissing the Chapter XI petition and ordering adjudication, but continued the receivership. On January 10, 1962, the district judge ordered the receiver to file his final report which report was filed on January 17, 1962.
 
 
 4
 A summary of the objectors' contentions is contained in their brief as follows:
 
 
 5
 "The Receiver was negligent in failing to apprise the Court of his liability for use and occupancy of the premises until he filed the amendments to his Final Report and Account, and in continuing to operate the Debtor's business at a loss. The Court erroneously found that the Receiver did not operate the business at a loss. The payment of fees to the Receiver and his attorney out of the net proceeds of the operations of the Debtor's business is an improper attempt to finance the administration of the Debtor's estate from the property of the Landlord and First Federal.
 
 
 6
 "In all events, the payment of the allowed fees would deny equality in the payment of costs of administration and favor the Receiver and his attorney to the detriment of the Landlord."
 
 
 7
 The receiver denies the objectors' contentions and asserts that under the Chapter XI proceeding he did not operate a losing business but preserved and maintained the assets of the debtor to the benefit of all the creditors. While it is true that the receiver did not meet the fixed charges provided under the lease of the motel premises by the debtor,[2] he did operate the motel for the nine-month period in such a manner as to have a net of $22,946.42 over the "day-to-day" operating costs of the motel.
 
 
 8
 No charge of fraud is even remotely suggested and it is not contested that the receiver and his attorneys performed work to the value of the compensation allowance.
 
 
 9
 We do not reach the merits of the objectors' contentions, however, for the following reason. On June 8, 1962, while the present appeal was pending, the debtor was adjudicated a bankrupt. The adjudication in bankruptcy operated to postpone payment of the compensation and fees being contested in the instant proceeding. 11 U.S.C. § 104.[3]
 
 
 10
 All parties concede that the costs and expenses of administration incurred or to be incurred in the pending bankruptcy proceeding will probably deplete any assets of the bankrupt available for distribution to the receiver and his attorneys. In such event, a decision by this court on the merits would be moot. For that reason we think the instant appeal is premature and that a resolution of the questions presented should await future developments.
 
 
 11
 The appeal is dismissed without prejudice to any of the parties.
 
 
 
 Notes:
 
 
 [1]
 11 U.S.C. § 701 et seq
 
 
 [2]
 The mortgage held by First Federal is on premises occupied by debtor under a lease from 4800 Marine Drive, Inc., the original mortgagor, to First Federal (Rosenberg bought the premises from 4800 Marine Drive, Inc. and received an assignment of the lease). Principal and interest under the mortgage were to be paid at the rate of $6,431.00 per month. In addition, one-twelfth of the real estate taxes, estimated to be $24,000.00 for 1961, was to be deposited with First Federal monthly. Under its lease the debtor agreed to make these monthly payments to First Federal and, in addition, to pay the lessor rent of $1,875.00 per month
 
 
 [3]
 Section 104 reads in part:
 "* * * That where an order is entered in a proceeding under any chapter of this title directing that bankruptcy be proceeded with, the costs and expenses of administration incurred in the ensuing bankruptcy proceeding shall have priority in advance of payment of the unpaid costs and expenses of administration, including the allowances provided for in such chapter, incurred in the superseded proceeding, if any; * * *."